UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ASHLEY LEE GRANN,

                                             Plaintiff,              DECISION AND ORDER

             -vs-                                         18-CV-6556-MJP

COMMISSIONER OF SOCIAL SECUIRTY,

                                             Defendant.

_____

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Ashley Lee Grann ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (and 42 U.S.C. § 1383(c)(3) for Supplemental Security Income) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States Magistrate Judge. (ECF No. 13.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ([ECF No. 9](#) & [ECF No. 11](#).) For the reasons stated below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On November 29, 2014, Plaintiff protectively filed an application for SSI benefits alleging disability beginning on August 11, 2014, including

degenerative disc disease, "bad wear and tear on disc and nerves in Plaintiff's back" and manic depression. (R.[1] 152–56; 174.) The Social Security Administration denied Plaintiff's claim on January 26, 2015. (R. 69–72.) On April 12, 2017, a hearing was held before Administrative Law Judge ("ALJ") Gretchen Mary Greisler in Rochester, New York. (R. 32–58.) Plaintiff and her representative were present at the hearing. (R. 32.) A vocational expert also testified at the hearing (R. 32, 34.)

The ALJ issued a decision on May 17, 2017, finding that Plaintiff had the following severe impairments: "a back issue, obesity, depression, bipolar disorder and panic disorder with agoraphobia." (R. 14.) Nevertheless, the ALJ determined that Plaintiff was able to

> perform light work as defined in 20 CFR 416.967(b) except she can never climb ladders/ropes/scaffolds or crawl; and she can only occasionally stoop, crouch, kneel and balance. The claimant can tolerate a low level of work pressure, defined as work not requiring multitasking, detailed job tasks, significant independent judgment, a production-rate pace, sharing of job tasks or contact with the public.

(R. 16.)

Plaintiff appealed to the Social Security Administration's Appeals Counsel and that body denied her request for review on June 1, 2018, making the ALJ's decision the Commissioner's final decision. (R. 1–5.) Plaintiff filed this lawsuit on August 1, 2018.

---

[1] "R __" refers to the pages in the Administrative Record filed by the Commissioner of Social Security. (Jan. 2, 2019, ECF No. 8.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo,* 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curium)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart,* 335 F.3d 99, 105-06 (2d Cir. 2003); *see*

*also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)–(v) & 416.920(a)(4)(i)–(v); *Berry*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is

4

other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises two issues for the Court's review. First, she asserts that the Commissioner relied upon gaps in the record when denying her benefits and that the ALJ failed to fulfill her obligation to develop the record. (Plaintiff's Mem. of Law at 1, Mar. 3, 2019, ECF No. 9-1.) In connection with this argument, Plaintiff contends that the Appeals Council also failed to consider evidence that would have cured a gap in the record. (*Id.*) Second, Plaintiff asserts that there was not substantial evidence to support the ALJ's RFC finding because the ALJ failed to properly weigh the medical opinions. (*Id.*)

### *The ALJ failed to fulfill her obligation to develop the record and, therefore, her RFC decision was not supported by substantial evidence.*

It is well-settled that an ALJ is statutorily required to develop a plaintiff's "*complete medical history*, including arranging for a consultative examination(s) if necessary, *and making every reasonable effort to help [the plaintiff] get medical reports from [the plaintiff's] own medical sources.*" 20 C.F.R. § 416.945 (emphasis added); *Villa v. Colvin*, No. 1:14-CV-00463, 2016 WL 1054757, at *4 (W.D.N.Y. Mar. 17, 2016) ("[a]lthough a claimant is generally responsible for providing evidence upon which to base an RFC assessment, before the Administration makes a disability determination, the ALJ is responsible for developing [the claimant's] complete medical history . .

. ") (internal quotations and citations omitted.) The Code of Federal Regulations provides that "[e]very reasonable effort means that we will make an initial request for evidence from your medical source or entity that maintains your medical source's evidence, and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one follow-up request to obtain the medical evidence necessary to make a determination." 20 C.F.R. § 416.912.

Plaintiff contends that the ALJ "relied upon obvious gaps in the record to deny Plaintiff's benefits" and failed to "meet her affirmative duty to develop the record." (Pl.'s Mem. of Law at 13.) In particular, during the hearing on April 12, 2017, the ALJ stated that she "noticed a reference in the record to an MRI being performed, but I have no record of that." (R. 47.) The ALJ asked where the MRI was performed and Plaintiff responded, "Borg & Ide Imaging, or something like that, B&I Imaging." (R. 48.) The ALJ then stated that she would "really like to see [the] results [of the MRI]." (R. 48.) Plaintiff's representative indicated that he could try to obtain a copy of the MRI and the ALJ stated that she wanted an update on the status of the MRI. (R. 48.) At the conclusion of the hearing, the ALJ noted that she would leave the case open for a week, that she "really would like to see the MRI results," and that she would issue a subpoena to obtain the MRI if necessary. (R.56–57.) While the Commissioner argues otherwise, the Court credits Plaintiff's assertion that the MRI was submitted to the ALJ on May 9, 2017, over a week before the ALJ issued the

6

decision, as the facsimile cover page contains that date at the top (R. 29.) Despite this, the ALJ did not consider the MRI when rendering her decision. (*see, e.g.*, R. 18 ("the record includes no MRI of the spine despite claimant's significant allegations."))

Thereafter, Plaintiff submitted the MRI to the Appeals Council, which it acknowledged constituted "Additional Evidence." (R. 2.) In correspondence dated June 1, 2018, the Appeals Counsel denied Plaintiff's request for a review of the ALJ's decision. (R. 1.) In the denial letter, the Appeals Council confusingly states: "You submitted evidence from Borg and Ide Imaging, dated October 22, 2014 (3 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. <u>We did not consider and exhibit this evidence</u>." (R. 2 (emphasis added).)

The ALJ cannot credibly make a claim that she was not aware that the MRI existed given that she expressed on the record her desire to review it. There is no indication in the ALJ's decision as to why the MRI was not considered nor any indication in the record that the ALJ made any attempt to obtain the MRI that she stated she "really would like to see." Based upon the forgoing, the ALJ's RFC was not supported by substantial evidence because there were obvious gaps in the record. *Rosa v.* Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) (remanding where there were gaps in the record due to the ALJ's failure to sufficiently develop the record); *Davis v. Colvin*, No. 15-CV-479-MJR, 2016 WL 4708515, *8 (W.D.N.Y., Sept. 9, 2016) ("Given the significance of the

missing records . . . the ALJ should have tried to obtain the records on his own after not hearing from [Plaintiff's] counsel. By not doing so, the ALJ created a gap in the record that necessitates remand."); see also, *Burgess v. Astrue*, 537 F.3d 117, 131 (2d Cir. 2008) (finding that the ALJ failed to recognize that the MRI was in the record and thus the ALJ failed to consider it and noting that the ALJ had a duty to develop the record even if the MRI had not been in the record.)

Moreover, it is not even clear if the Appeals Council reviewed the MRI given the confusing language contained in its decision. The Commissioner's speculation that the Appeals Council "had to at least review and assess" the MRI to determine if it was material evidence is insufficient. (Commissioner's Mem. of Law at 9, May 2, 2019, ECF No. 11-1.) Importantly, the Commissioner does not assert that the Appeals Council actually *did* review the MRI. It appears that neither the ALJ nor the Appeals Council considered the MRI – both having had the opportunity to do so – which, given Plaintiff's assertion of disability based upon degenerative disc disease and "bad wear and tear on disc and nerves in Plaintiff's back" (R. 174.), creates an obvious gap in the record. For this reason, the ALJ's RFC determination is not supported by substantial evidence.

The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other argument advanced by Plaintiff in support of her motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 11) is denied. This matter is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing. The Clerk of the Court is directed to enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

DATED:  February 29, 2020
        Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge